UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| DANIEL L HASH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | No. 1:12-cv-01077-SEB-MJD |
| CAROLYN W. COLVIN Acting ) | |
| Commissioner of the Social Security ) | |
| Administration, ) | |
| ) | |
| Defendant. ) | |

**ORDER OVERRULING PLAINTIFF'S OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

This is an action for judicial review of the final decision of Defendant Commissioner of Social Security ("Commissioner") finding Plaintiff Daniel L. Hash ("Mr. Hash") not entitled to Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") under Title II and Title XVI of the Social Security Act. *See* 42 U.S.C. §§ 416(i), 423(d), & 1382c(a)(3). The Administrative Law Judge ("ALJ") found that Mr. Hash failed to qualify as disabled because he was capable, even with his impairment, of performing other available work in the national and local economy. R. at 28. After the Appeals Council denied his request for review on March 20, 2012, the Commissioner's decision became final, and Mr. Hash timely exercised his right to judicial review under 42 U.S.C. § 405(g). This case was referred for consideration to Magistrate Judge Dinsmore, who on July 15, 2013 issued a Report and Recommendation that the Commissioner's decision be upheld because it was supported by substantial evidence and was

otherwise in accord with the law. This cause is now before the Court on Plaintiff's Objections to the Magistrate Judge's Report and Recommendation.

## **Standard of Review**

We review the Commissioner's denial of benefits to determine whether it was supported by substantial evidence or is the result of an error of law. *Rice v. Barnhart,* 384 F.3d 363, 368–369 (7th Cir. 2004); *Lopez ex rel. Lopez v. Barnhart*, 336 F.3d 535, 539 (7th Cir. 2003). "Substantial evidence means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Dixon v. Massanari,* 270 F.3d 1171, 1176 (7th Cir. 2001). In our review of the ALJ's decision, we will not "reweigh evidence, resolve conflicts, decide questions of credibility, or substitute [our] own judgment for that of the Commissioner." *Lopez,* 336 F.3d at 539. However, the ALJ's decision must be based upon consideration of "all the relevant evidence," without ignoring probative factors. *Herron v. Shalala*, 19 F.3d 329, 333 (7th Cir. 1994). In other words, the ALJ must "build an accurate and logical bridge" from the evidence in the record to his or her final conclusion. *Dixon*, 270 F.3d at 1176. We confine the scope of our review to the rationale offered by the ALJ. *See SEC v. Chenery Corp.*, 318 U.S. 80, 93–95 (1943); *Tumminaro v. Astrue,* 671 F.3d 629, 632 (7th Cir. 2011).

When a party raises specific objections to elements of a magistrate judge's report and recommendation, the district court reviews those elements *de novo,* determining for itself whether the Commissioner's decision as to those issues is supported by substantial evidence or was the result of an error of law. Fed. R. Civ. Pro. 72(b). The district court "makes the ultimate decision to adopt, reject, or modify" the report and recommendation, and it need not accept any portion as binding; the court may, however, defer to those conclusions of the report and

recommendation to which timely objections have not been raised by a party. *See Schur v. L.A. Weight Loss Ctrs., Inc.*, 577 F.3d 752, 759–761 (7th Cir. 2009).

## Discussion

Mr. Hash raises two objections to the Report and Recommendation. First, he alleges that Magistrate Judge Dinsmore mistakenly rejected his argument that the ALJ committed reversible error by failing to make an accurate residual functional capacity ("RFC") determination that encompassed all of Plaintiff's impairments. *See* Pl.'s Objections 2–5. Second, Mr. Hash contends that the Magistrate Judge's report wrongly rejected his argument that the ALJ failed to make a credibility determination that was supported by substantial evidence. *See* Pl.'s Objections 5–8.

### I.     The ALJ's RFC Determination

The ALJ found that Mr. Hash had the RFC to perform less than the full range of light work as defined in 20 CFR 404.1567(b) and 416.967(b). R. at 18–19. Specifically, the ALJ found that Mr. Hash can lift, carry, push, and pull up to 20 pounds occasionally and 10 pounds frequently; sit and stand for 8 hours total each and can walk up to 4 hours; frequently stoop, crouch, crawl, kneel, climb ramps and stairs; continuously balance; should not climb ladders, ropes, or scaffolds; and that Mr. Hash can perform frequent bilateral handling and fingering and continuous feeling. *Id.* Additionally, the ALJ found that Mr. Hash should not perform overhead work bilaterally; there should be no more than occasional full extension of the arms bilaterally; and Mr. Hash is limited to frequent exposure to hazards such as unprotected heights or unguarded dangerous moving machinery. *Id.*

Mr. Hash bases his objections to the accuracy of these findings on three points. First, he objects to the ALJ's reliance upon the report of the consultative examiner, Dr. Gibson. Pl.'s Objections 2. Second, he argues that the ALJ failed to properly consider his bilateral hand

impairments in making the RFC determination. Pl.'s Objections 3. Third, Mr. Hash argues that the ALJ's finding that he could walk up to four hours per day precludes him from performing work at the "light," rather than "sedentary" exertion level. Pl.'s Objections 4. For the following reasons, the Court rejects each of these arguments and affirms the ALJ's RFC determination.

First, Mr. Hash objects to the ALJ's reliance upon the examination and report of the consultative examiner, Dr. Gibson, over the treating physician, Dr. Neucks, in making the RFC determination. Pl.'s Objections 2. However, the law does not require an ALJ to accord a treating physician's opinion more weight than a consulting physician's opinion. *Mont v. Chater*, 114 F.3d 1191 (7th Cir. 1997). The treating physician's opinion will only be given controlling weight "'when that opinion is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] . . . record . . . .'" *Id.* (quoting 20 C.F.R. § 404.1527(d)(2), 416.927(d)(2)).

The ALJ properly articulated his reasoning for according great weight to Dr. Gibson's assessment and little weight to the assessment of the treating physician, Dr. Neucks. R. at 26. Specifically, the ALJ explained that Dr. Gibson's examination was supported by the entire medical evidence of record. *Id.* In contrast, the ALJ determined that Dr. Neucks' opinions were inconsistent with Exhibits 2F, 3F, and 5F, which included x-ray findings that Dr. Neucks failed to include in his records of evidence. *Id.* Additionally, Dr. Neucks' records contained "no evidence of diagnostic tests, laboratory findings, or any other objective medical testing to support his opinion." *Id.* Therefore, the Court concludes that it was not error for the ALJ to rely upon Dr. Gibson's examination and report.

Next, Mr. Hash objects to the ALJ's determination that he could engage in bilateral manual dexterity "frequently," arguing that the ALJ failed to properly consider his bilateral hand

impairments. Pl.'s Objections 3. His argument involves the presentation of evidence that he claims the ALJ did not consider. The Court finds no merit in this objection, as the ALJ properly considered contradictory evidence from multiple doctors concerning Mr. Hash's hand impairments, including many of the specific pieces of evidence Mr. Hash presents in his objection.

Mr. Hash mentions "long-time treatment" for Trichorhinophalangeal Syndrome (TRPS), finger deformity, and pain. Pl.'s Objections 2–3. It is clear that the ALJ considered this evidence, as it is mentioned in his decision. R. at 20. Mr. Hash also points to evidence from physical examinations, where he was determined to have wrist extension ability of "functionally fair," and finger abduction ability of "functionally poor." Pl.'s Objections 2–3. The ALJ also discussed this evidence in his decision. R. at 21. Mr. Hash argues that his hands "lock" and that he "explained to the Judge that he is unable to put his fingers together and that some days, his hands will tighten into a fist and stay like that for the rest of the day." This, too, was considered by the ALJ and mentioned in his decision. R. at 20.

The ALJ's decision incorporates testimony from multiple doctors, some of which contradicts the evidence Mr. Hash relies upon in his objection. R. at 20. Specifically, in an evaluation at Wishard Memorial Hospital Rheumatology Clinic, joint examinations found no "synovitis of the metacarpophalangeal, proximal interphalangeal, or distal interphalangeal joints." *Id.* Dr. Gibson's report also contradicted the evidence Mr. Hash relies upon. While Dr. Gibson found "angular deformity in the fingers of both hands," his impression was that Mr. Hash's restriction of motion was voluntary. R. at 22. The ALJ articulated his reasoning for according some evidence greater weight and provided a logical bridge from the evidence to his

conclusion that Mr. Hash "can perform frequent bilateral handling and fingering and continuous feeling."

Finally, Mr. Hash argues that the ALJ committed reversible error by finding that Mr. Hash was capable of performing "light" rather than "sedentary" work, arguing that the ALJ's finding that Mr. Hash could walk up to 4 hours per day precludes him from performing light work. Mr. Hash argues that Magistrate Judge Dinsmore incorrectly interpreted Social Security's Definition of light work, and thus incorrectly affirmed the ALJ's classification of Mr. Hash's exertion level as "light." Pl.'s Objections 4. The Court disagrees.

Mr. Hash incorrectly states that "according to the definition of 'light' work, found in 20 C.F.R. § 404.1567, a person who is capable of performing 'light' work must be able to stand up to 6 hours in an 8-hour work-day." Pl.'s Objections 3–4. Those Regulations provide no such specification. Instead, Social Security Ruling 83-10 explains that because "frequent" means occurring up to two-thirds of the time, "the full range of light work requires standing or walking, off and on, for a total of approximately 6 hours of an 8-hour workday." SSR 83-10, 1983 WL 31251 (Jan. 1, 1983).

The regulations provide that work is classified as "light" when it requires, in relevant part, "*a good deal of walking or standing*, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities." 20 C.F.R. 404.1567.

The ALJ committed no error in finding that Mr. Hash was capable of performing light work. Both the broad definition of light work found in the Federal Regulations and the more specific explanation of light work provided in the Social Security Ruling are satisfied. The ALJ

found that Mr. Hash is able to "sit and stand for 8 hours total each," meaning Mr. Hash can both sit for 8 hours and stand for 8 hours. R. at 18. This finding satisfies "*a good deal of walking or standing,*" 20 C.F.R. 404.1567, as well as "standing or walking, off and on, for a total of approximately 6 hours of an 8-hour workday." SSR 83-10, 1983 WL 31251 (Jan. 1, 1983). Mr. Hash's limitations on walking do not affect the analysis, as both definitions are satisfied by either walking *or* standing.

## II.     The ALJ's Credibility Determination

Mr. Hash also argues that the ALJ failed to make a credibility determination that was supported by substantial evidence. *See* Pl.'s Objections 5–8. As the Magistrate Judge recognized, Mr. Hash's argument consists merely of pointing to evidence that he contends could support a finding of disability, including his subjective complaints of pain. *Id.* He argues that such subjective testimony can be sufficient to support a finding of disability. Pl.'s Objections 6. However, Mr. Hash misunderstands the Court's standard of review. The standard is not whether there may be substantial evidence to support a finding of disability, such as his subjective complaints of pain, but whether there is substantial evidence to support the ALJ's decision. *Dixon*, 270 F.3d at 1176.

Mr. Hash argues that his "medical records clearly document his on-going severe pain" and that he "sought various medical treatments to relieve some of his pain." Pl.'s Objections 7. The ALJ considered and presented the evidence of Mr. Hash's pain and pain management treatments, R. at 20–23, but there was also substantial evidence showing that Mr. Hash's pain medication has been effective in controlling his pain, R. at 23, and that Dr. Gibson did not find Mr. Hash's pain disabling. R. at 338–49.

While Mr. Hash states that he "does not argue that the Court should reweigh the evidence," Pl.'s Objections 5, his argument amounts to just that; it consists of presenting evidence that could support of a finding of disability. *See* Pl.'s Objections 5–8. He has failed to show that the ALJ's decision was not supported by substantial evidence.

The Court finds that the ALJ based his credibility determination on substantial evidence in the record, properly articulated his reasoning, and provided a logical bridge from the evidence to his conclusion.

## Conclusion

For the foregoing reasons, we find that none of Mr. Hash's objections to the Magistrate Judge's Report and Recommendation has merit. There is no basis on which to conclude that the ALJ committed reversible error by failing to make an accurate residual functional capacity determination or to conclude that the ALJ failed to make a credibility determination that was supported by substantial evidence. Accordingly, the Plaintiff's objections to the Magistrate Judge's well-reasoned Report are OVERRULED and we ADOPT the recommendations set forth in the Magistrate Judge's Report and Recommendation.

IT IS SO ORDERED.

Date: 09/23/2013

_Sarah Evans Barker_
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Kelie C. Schneider
kelieschneider@gmail.com

Frederick J. Daley, Jr.
DALEY DEBOFSKY & BRYANT
fdaley@fdaleylaw.com

Thomas E. Kieper
UNITED STATES ATTORNEY'S OFFICE
tom.kieper@usdoj.gov